# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 11, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TERRY WILLIAMS,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0185**  (BOR Appeal No. 2049861)
(Claim No. 2013006496)

**CHARLESTON HAULING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Terry Williams, by William Gerwig III, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Charleston Hauling, by Katherine Arritt and Jeffrey Brannon, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2015, in which the Board affirmed an October 3, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 1, 2013, decision granting Mr. Williams a 9% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 5, 2012, Mr. Williams sustained an open fracture of the proximal phalanx of his left thumb, along with significant tissue damage, while emptying a dumpster. He underwent multiple surgeries to repair the damage to his left thumb. Additionally, Mr. Williams has undergone three independent medical evaluations for the purpose of determining his amount of whole person impairment arising from the September 5, 2013, injury.

1

Barry Levin, M.D., evaluated Mr. Williams on September 6, 2013. He opined that Mr. Williams sustained 29% left thumb impairment as a result of range of motion abnormalities and 13% left thumb impairment as a result of loss of sensation. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Levin opined that Mr. Williams sustained 9% whole person impairment as a result of the September 5, 2012, left thumb injury. On October 1, 2013, the claims administrator granted Mr. Williams a 9% permanent partial disability award based upon Dr. Levin's independent medical evaluation.

On December 17, 2013, Bruce Guberman, M.D., evaluated Mr. Williams. He opined that Mr. Williams sustained 27% left thumb impairment as a result of range of motion abnormalities and 50% left thumb impairment as a result of loss of sensation. Utilizing the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* Dr. Guberman opined that Mr. Williams sustained 14% whole person impairment as a result of the September 5, 2012, injury. Finally, Paul Bachwitt, M.D., evaluated Mr. Williams on July 24, 2014. He opined that Mr. Williams sustained 12% left thumb impairment as a result of range of motion abnormalities and 25% left thumb impairment as a result of loss of sensation. Utilizing the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, Dr. Bachwitt opined that Mr. Williams sustained 8% whole person impairment as a result of the September 5, 2012, injury.

In its Order affirming the October 1, 2013, claims administrator's decision, the Office of Judges held that the evidence of record demonstrates that Mr. Williams sustained 9% whole person impairment as a result of the September 5, 2012, injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated February 25, 2015. On appeal, Mr. Williams asserts, per the opinion of Dr. Guberman, that he is entitled to a 14% permanent partial disability award arising from the September 5, 2012, injury.

In its Order, the Office of Judges noted that neither Dr. Levin nor Dr. Bachwitt found the degree of overall impairment that Dr. Guberman did and concluded that if Dr. Guberman's findings are accurate, they must represent a temporary occurrence and do not represent the true amount of Mr. Williams's permanent impairment arising from the September 5, 2012, injury. In particular, the Office of Judges noted that Dr. Guberman's overall findings are notably worse than those of Dr. Levin and Dr. Bachwitt despite the fact that Dr. Guberman's evaluation occurred approximately three months after Dr. Levin's evaluation and approximately seven months before Dr. Bachwitt's evaluation. Therefore, the Office of Judges determined that Mr. Williams is entitled to the 9% permanent partial disability award received by Dr. Bachwitt. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 11, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II